In the Matter of William O.
DAVENPORT, Jr., Debtor.

UNIVERSITY STATE BANK, Plaintiff,

v.

William O. DAVENPORT, Jr., Defendant.

Bankruptcy No. 82–658.
Adv. No. 83–179.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

April 1, 1983.

William Knight Zewaldski, Tampa, Fla., for plaintiff.

Francis H. Cobb, Tampa, Fla., for defendant.

## ORDER ON MOTION TO STAY PROCEEDINGS AND MOTION TO DISMISS

ALEXANDER L. PASKAY, Bankruptcy Judge.

THE MATTERS under consideration are raised by a Complaint filed by the University State Bank (the Bank) which seeks relief from the automatic stay imposed by § 362 of the Bankruptcy Code. The Complaint is filed in a Chapter 11 case in which the Bank seeks relief from the automatic stay in order to be authorized to proceed to enforce through foreclosure action its alleged mortgage lien against properties owned by William O. Davenport, Jr., the Debtor, who now seeks relief under Chapter 11 of the Bankruptcy Code.

The claims for relief of the Bank set forth in Count I, II and III relate to the right of the Bank to enforce certain mortgage liens allegedly encumbering real properties owned by the Debtor. The claim for relief set forth in Count IV relates to certain corporate stock in a corporation known as Key Energy (a non-debtor) which stock is owned by the Debtor which, according to the Bank, was pledged as additional collateral by the Debtor as security for all the outstanding obligations owned by the Debtor to the Bank.

The immediate matters under consideration are a Motion to Dismiss the Complaint and a Motion to Stay the Proceedings, both filed by the Debtor.

In order to put the issues raised by the two Motions in proper perspective it is necessary to briefly consider the similar or almost identical issues raised in a companion adversary proceeding involving the same antagonists. On November 9, 1982, the Bank filed a complaint, Adversary Proceeding No. 82–884, in which the Bank seeks a determination of non-dischargeability of a debt allegedly owed by the Debtor to the Bank. In that adversary proceeding, the Debtor promptly filed a Motion to Stay the entire proceeding and also sought a

Motion for Protective Order in order to prevent the Bank from commencing or conducting any discovery proceedings in that adversary proceeding. The Motions were, just as the Motions filed in the instant proceeding, based on the contention of the Debtor that the persons who are purported to act on the Bank and their attorneys who filed both adversary proceedings have no authority and power to act on behalf of the Bank because they are not representative of the duly authorized Board of Directors of the Bank. Consequently, no further proceedings should be conducted until it is determined who has a right to function and act on behalf of the Bank, including who has the right to make a decision to prosecute or not to prosecute these adversary proceedings. Both Motions are based on the following alleged, but yet to be established, facts as set forth in the Motions.

First, it is the contention of the Debtor that a new Board of Directors of the Bank was elected at a special shareholders meeting on December 1, 1982; that the Board of Directors elected at that meeting has not authorized the Law Firm to act on behalf of the Bank in any manner, but has selected the law firm of Register and Park, P.A. to act as general counsel to the Bank. However, so contends the Debtor, he should not be required to defend against the claim set forth in this adversary proceeding until and unless the new Board has an opportunity to decide to pursue or not to pursue this litigation.

In opposition, the Bank contends that there has been no change in the Board of Directors of the Bank since April, 1981; that the purported December 1, 1982 election was illegal; and that the Law Firm was properly employed by the Board of Directors who are presently in control of the Bank and who have remained in control of the Bank since this action was commenced and the Law Firm was and still is authorized to represent the Bank and to prosecute this proceeding.

At a duly scheduled and noticed hearing, counsel for the Bank also contended that the Debtor has no standing to question the authority of the acting Board to pursue this adversary proceeding. Having considered argument of counsel and after having considered controlling authorities, this Court is satisfied that the contention is without merit simply because FRCP 9(a) specifically provides that a party may raise an issue concerning the authority of the opposing party to sue in a representative capacity if he does so by specific negative averment. The Debtor's motion and affidavit includes sufficient supporting particulars to satisfy FRCP 9(a).

The threshold issue to be resolved in the present controversy is which Board of Directors has authority to act in a representative capacity on behalf of the Plaintiff. The Defendant would like this Court to determine as a matter of law that the Board elected at the specially called December 1, 1982 meeting is the duly elected Board, and, therefore, stay all proceedings in this controversy pending a decision of that Board to pursue this litigation. On the other hand, the Bank asks this Court to determine that as a matter of law the December 1, 1982 election was illegal; that the Board elected in April of 1981 is the duly elected Board and continues to have authority to act in a representative capacity on behalf of the Bank; that the Law Firm was duly authorized by that Board to represent the interests of the Bank in this adversary proceeding; and that the Defendant's Motion to Stay Further Proceedings in this matter, including discovery, should, therefore, be denied, allowing the Plaintiff to commence and to conduct discovery proceedings at once.

At a subsequent hearing in a closely related adversary proceeding between the same parties, it was revealed that the annual meeting of shareholders in the Plaintiff Bank was scheduled to take place on March 22, 1983. At this meeting, the shareholders were to elect a Board of Directors. The meeting of shareholders was held as scheduled, but again, due to lack of quorum no action was taken concerning the election of a new Board of Directors. In this connection it should be pointed out that the De-

fendant, together with one Rebecca Doyle, appeared to hold the controlling stock interest in the Bank. It now appears that the annual meeting will be rescheduled for April, 1983.

In that adversary proceeding, this Court granted Defendant's Motion to Stay Proceedings and Motion for Protective Order. The Complaint in that adversary proceeding sought a judicial determination that the debt owed by the Defendant to the Plaintiff is non-dischargeable under § 523(a)(4) of Title 11 U.S.C. In that context the issue of which Board of Directors is authorized to represent the Bank should be resolved before this Court proceeds to make a determination on the dischargeability issue. The Complaint in this adversary proceeding, however, seeks relief from the automatic stay and the only relevant issues involved are whether the Debtor has equity in the properties and whether the properties are needed for effective reorganization. § 362(d)(2) of the Bankruptcy Code. Should this Court find in the negative on both issues, it would be proper to lift the stay to permit the parties to litigate the underlying issues in another forum.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Defendant's Motion to Stay Proceedings and Motion to Dismiss be, and the same hereby are, denied. It is further

ORDERED, ADJUDGED AND DECREED that the final evidentiary hearing in this adversary proceeding will be held on April 7, 1983 at 2:00 p.m. in Room 703, 700 Twiggs St., Tampa, Florida.